**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**
_____

In The Matter of:

James B. Dettmann,                                  Case No. 12-08672-jdg
                                                                (Chapter 7)
           Debtor                                   Case Filed:  September 28, 2012

_____/

**TRUSTEE'S MOTION TO SELL DEBTOR'S INTEREST
IN NORTHWESTERN MUTUAL ANNUITY CONTRACT**

NOW COMES JOHN A. PORTER, Chapter 7 Trustee herein, by and through his attorneys, Damon, Ver Merris, Boyko & Witte, PLC, pursuant to Bankruptcy Code § 363 and Federal Rules of Bankruptcy Procedure 2002 and 6004, and shows unto this Court as follows:

1. Your Movant is the duly-appointed, qualified and acting Chapter 7 Trustee in the above-entitled case, which was commenced by the Debtor through the filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on September 28, 2012.

2. Included among the assets herein is the interest of the Debtor in an annuity owned by his ex-spouse, Sandra Kay Dettmann, through Northwestern Mutual Life Insurance Company ("NW Mutual"), being annuity contract number ending in … 4461, as held for her benefit by The Northwestern Mutual Life Insurance Company Deferred Disability Benefit ("DDB") Trust, pursuant to the terms of the NW Mutual DDB Trust Agreement.  Said annuity had an ending contract cash value of $22,588.04 as of December 31, 2010, which, the Trustee is informed, is not reachable until Sandra Kay Dettmann, who is presently 51, attains 66 years of age (approximately 15 years from now) or the date of her death, if sooner. Likewise, the accumulated cash value of the annuity contract cannot be borrowed against, cashed in, or liquidated until the earlier of such times. Furthermore, the Trustee is informed that said annuity will not pay out any distributions

until at least such time as Sandra Kay Dettmann becomes 66.  If she should not attain such age, the annuity should have such contract value plus any subsequent additions, less any required premium payments and any taxes due, payable at the time of her death to the beneficiary designated by the owner or, if no designation is made, to the then owner of record.

    3.    The Debtor has offered to purchase all of the bankruptcy estate's right, title and interest in the foregoing annuity from the Trustee by way of payment to him of the sum of $5,061.24.  Said amount is presently being held by the Trustee subject to his receipt of any higher and better offers and the entry of an order approving such sale at such price or such other higher amount that the Debtor might be willing to offer, after solicitation and consideration of any other and higher and better offers.

    4.    The proposed purchaser is the Debtor herein and, as such, he has no known relationship with the Trustee or his attorneys, to the Bankruptcy Judge who might approve such proposed sale, or any person affiliated with the Office of the United States Trustee.

    5.    None of such annuity has been claimed by the Debtor as exempt, as said annuity was owned and titled in the name of Sandra Kay Dettmann at the time the Debtor filed his Complaint for Divorce, which was pending when this case was filed. Said annuity was awarded to the Debtor (and a like annuity to Sandra Kay Dettmann) as part of the property division made between the parties, as set forth in the Judgment of Divorce entered in the Kent County Circuit Court on August 16, 2013 in case no. 11-06696-DM.

    6.    The sale of the foregoing property shall be made on an "AS-IS, WHERE-IS" basis, without representation or warranty, express or implied, of any kind, nature or description including, without limitation, any warranty by description or of merchantability, usability, or of fitness for any particular purpose.  The seller shall not be required to inspect or test or report on the condition of the property being sold or of the existence of any possible defects in the same.  The Trustee knows of no liens, claims or other encumbrances against the annuity, including any claim of Sandra Kay Dettmann, which was extinguished

per the terms of the Judgment of Divorce. Therefore, any lien, encumbrance or other interest would be in bona fide dispute, thus allowing the Trustee to sell the same, free and clear of liens, per 11 U.S.C. § 363(f).

7. The Trustee shall convey his interest in the foregoing annuity contract by way of an Assignment, Trustee's Bill of Sale, or other suitable documents, in order to make the successful purchaser the owner of the annuity, and is subject to the terms and conditions of such annuity and any additional requirements imposed by the Northwestern Mutual Life Insurance Company. This may include the obligation to make periodic premium payments thereon going forward.

8. Perspective buyers may make arrangements for examination of any documents or records in the Trustee's possession relating to such annuity contract by contacting Trustee's counsel at the address and telephone number which appear at the foot of this Motion.

9. The property will be offered for sale in one lot, on a cash basis, with any bids commencing at the amount of the bid of the Debtor of $5,061.24. Thereafter, bids will be taken in increments of no less than $500.00 with the initial offer to be at least $6,000.00. Contingent bids will not be received. All buyers shall make a lump-sum payment, in cash, for the purchase of such annuity. (If the Debtor makes a higher offer, and is the successful bidder, he shall pay the difference between $5,061.24 and the amount bid, in cash, at the time of a closing on such sale). Before the Trustee will accept higher and competing offers, however, he will require a potential bidder to provide proof of their financial ability to make an offer of $6,000.00 or more by way of a bank letter of credit or similar document.

10. After the sale has been approved by the Bankruptcy Court, the buyer shall close on the same within fifteen (15) business days thereafter. The Trustee reserves the right to accept a back-up offer(s).

11. The buyer shall be required to deposit with the Trustee the sum of $1,000.00, representing an earnest money deposit against the purchase price, immediately after the sale is orally confirmed by the Bankruptcy Court. (As to the Debtor, since the Trustee already is holding $5,061.24 on his behalf, this earnest money

deposit shall not apply, although the forfeiture provisions hereinafter stated, as to possible forfeit of $1,000.00 thereof, will apply). Such earnest money deposit of $1,000.00 is subject to forfeiture, as seller's liquidated damages, if closing does not occur due to fault of the buyer. If seller cannot seasonably close, then buyer's earnest money deposit (or all of Debtor's funds being held) shall be returned and buyer shall have no further claims against seller or this estate. If the Debtor is not the highest bidder, the Trustee shall return to him the $5,061.24 the Trustee is holding on his behalf, after closing occurs on the sale of such annuity to a third party. (If the Debtor is the highest bidder but fails to close due to no fault of the Trustee, the Trustee shall return to him $4,061.24).

12. All expenses of custody, protection and insurance of this property, as well as expenses of sale, including administrative and all legal expenses of the bankruptcy proceeding relating to the protection of sale of said property shall be charged against the sale proceeds with priority over all claims.

WHEREFORE, YOUR MOVANT PRAYS that the creditors herein and other interested parties be required to object or otherwise show cause, on a time and date certain, why the above-described property shall not be sold, as aforesaid, to the Debtor, on such terms, or to such other party who might submit a higher bid thereon; why the Trustee should not be allowed to execute a Bill of Sale, Assignment, and other documents reasonably necessary in order to transfer the annuity to the highest bidder; and why he should not have such other and further relief as this Court might deem just, equitable and proper.

Dated: January 6, 2014                    DAMON, VER MERRIS, BOYKO & WITTE, PLC
                                          Attorneys for Trustee

                                          By_____/S/_____
                                              Larry A. Ver Merris (P-29093)
                                          Business Address:
                                              825 Parchment Drive, S.E., Suite 100
                                              Grand Rapids, MI 49546-2382
                                          Telephone: (616) 975-9951

LAVM\J Dettmann\001
PLD TRUST MOT SELL ANNUITY 1-6-14.doc